UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
SHAUNTAY WATKINS,

                Plaintiff,

                v.

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.

**OPINION AND ORDER**

16 Civ. 4161 (ER)

Ramos, D.J.:

In 2016, Shauntay Watkins brought suit against her former employer, the New York City Transit Authority ("NYCTA"), alleging discrimination in the workplace. Doc. 1. On December 21, 2018, following trial, a jury returned a verdict for the NYCTA, finding that Watkins had not established by a preponderance of the evidence that she was subjected to a hostile work environment. Doc. 85. Now pending before the Court is Watkins' appeal of the Clerk's taxation of costs. Doc. 121. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

I.    BACKGROUND

On June 3, 2016, Watkins brought suit against the NYCTA for workplace discrimination on the basis of her race in violation of 42 U.S.C. § 1981 and the New York City Human Rights Law.[1] Doc 1. Watkins, a Black woman, alleged that while she was a probationary employee of the NYCTA, fellow probationary employee Tequisha Jenkins ("Jenkins"), a darker-skinned Black woman, repeatedly directed race-based insults at her during their training sessions, within earshot of their fellow students and instructors. Doc 1 ¶¶ 13–18. Following dismissal on summary judgment of related aiding and abetting and

---

[1] Plaintiff stipulated to voluntarily dismiss her claims against New York City on June 30, 2016, and withdrew her claim under Administrative Code § 8-107(19) on January 31, 2018. Docs. 12, 49 at 1.

retaliation claims, the Court held a four-day trial from December 17 to 20, 2018, on the sole remaining issue of whether the NYCTA had allowed a hostile work environment to exist during Watkins' training in contravention of federal and city law.  Doc. 50 at 11-18; *see* Docs. 86–94.  As relevant to the instant motion, during trial, the NYCTA requested trial transcripts each day.  Doc. 118-1; *see also* Doc. 124 at 3–4.  Following trial and a jury verdict in favor of the NYCTA, the Court entered judgment on January 30, 2019.  Doc. 99.  Watkins appealed, and her appeal was held in abeyance pending resolution of her motion for a new trial.  Docs. 100, 104.

On April 16, 2020, the Court denied Watkins' motion for a new trial.  Doc. 113.  On May 15, 2020, Watkins filed her amended notice of appeal.  Doc. 114.  On June 15, 2021, the Court of Appeals for the Second Circuit entered its mandate affirming the Court's order denying a new trial.  Doc. 115.  On June 29, 2021, the NYCTA filed its notice of taxation of costs and submitted a declaration in support of the same.  Docs. 117, 118.  Watkins objected to the bill of costs, Doc. 119, and on July 19, 2021, the Clerk of Court entered the bill of costs against Watkins.[2]  Doc. 120.  On August 3, 2021, Watkins brought the instant motion.  Doc. 121.

The bill of costs consists of:  $794.85 for fees for service of summons and subpoenas; $3,323.16 for fees for daily trial transcripts; and $150.86 in fees for witnesses, for a total of $4,268.87.  Doc. 120 at 1.

## II.   LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); *see also Whitfield v. Scully,* 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016) ("such an award against the losing party is the

---

[2] The Clerk's taxation of costs is dated July 19, 2021, but it was modified and entered on the docket on July 27, 2021.  Doc. 120.

2

normal rule obtaining in civil litigation, not the exception."). To qualify as prevailing party, the party must have succeeded "on a significant issue in the litigation[.]" *Screenlife Establishment v. Tower Video, Inc.,* 868 F. Supp. 47, 50 (S.D.N.Y. 1994) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

"Construing this provision, the Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920." *Whitfield*, 241 F.3d at 269 (citations omitted). Pursuant to § 1920, the Court, or the Clerk of Court, may tax as costs the following:

> [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees ...; [and] (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

Local Civil Rule 54.1 further outlines the costs taxable in this district and controls to the extent that it addresses a particular cost. *See Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015). As relevant here, Local Rule 54.1(c)(1) provides:

> Transcripts. The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient.

If the Clerk of Court taxes costs against a non-prevailing party, that party has seven days to appeal the Clerk's decision to the Court. Fed. R. Civ. P. 54(d)(1). "A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question [it]self." *Whitfield*, 241 F.3d at 269 (internal quotation marks and citation omitted); *see also Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 128 (E.D.N.Y. 2006). "Where an unsuccessful litigant appeals the Clerk of Court's award of costs, the district court reviews the award de novo." *Karmel v. City of New*

3

*York*, No. 00 Civ. 9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008) (citation omitted).

Since the "award of costs against the losing party . . . is the rule rather than the exception," the losing party bears the burden of convincing the district court to exercise its discretion to vacate the Clerk's award of costs. *Whitfield*, 241 F.3d at 270. In general, "costs will be taxed against the losing party provided such costs were reasonably necessary." *Seymore v. Reader's Dig. Ass'n., Inc.,* No. 77 Civ. 4825 (WCC), 1981 WL 90, at *1 (S.D.N.Y. Jan. 7, 1981). "In exercising its discretion, a district court is free to consider a variety of equitable factors," including "'misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources.'" *Karmel*, 2008 WL 216929, at *2 (quoting *Whitfield,* 241 F.3d at 270). While the district court has the discretion to deny a prevailing party costs, *see Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987) ("Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."), it must explain its reasons for doing so, *see Whitfield,* 241 F.3d at 270.

### III. DISCUSSION

There is no dispute that the NYCTA is the prevailing party. Watkins now appeals the Clerk's taxation of costs, first, as to trial transcripts, and second, as to two witnesses. Specifically, she appeals $225.00 in costs for service of a subpoena on her former therapist Mr. David, LSW ("David") [3]; $309.95 for service of a trial subpoena on her former therapist Dr. James Wadley ("Wadley"); and $72.86 for Wadley's witness fee. *See* Doc. 122.

#### A. Transcripts

The cost of "trial transcripts . . . necessarily obtained for use in this court or on appeal" is taxable. Local Rule 54.1(c)(1); *see also* 28 U.S.C. § 1920 ("a judge or clerk of

---

[3] Neither the parties' briefing nor the Clerk's taxation of costs includes his complete name.

4

any court of the United States may tax as costs . . . [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case").

Watkins contends that the NYCTA's transcript costs were not necessarily incurred, because it has not established why it required daily transcripts at the rate of $4.59 per page rather than transcripts at the regular rate of $2.46 per page.  Doc. 122 at 2–3.  She further argues that caselaw does not support daily trial transcripts as an allowable cost, and that courts in this Circuit have rejected daily trial transcripts as an allowable cost in trials of similar complexity.  Doc. 126 at 1–2.  The NYCTA counters that the award of transcript fees is within the discretion of the Court, and that daily transcripts were warranted to allow counsel to prepare for cross-examinations and closing argument given the compressed timeframe of trial.  Doc. 124 at 3–4.  The Court agrees with Watkins that the NYCTA has not established that daily trial transcripts were a necessary expense.

"Daily transcripts of trial testimony are not customary."  *John and Kathryn G. v. Bd. of Educ. of Mount Vernon Public Sch.,* 891 F. Supp. 122, 123 (S.D.N.Y. 1995)); *see also Carmody v. Pronav Ship Mgmt., Inc.*, No. 02 Civ. 7158 (DF), 2004 WL 1837786, at *2 (S.D.N.Y. Aug. 17, 2004).  "[T]he relevant inquiry is whether the transcripts of plaintiff's trial testimony were necessary for defendant's use in the case." *Cohen v. Stephen Wise Free Synagogue,* No. 95 Civ. 1659 (PKL), 1999 WL 672903, at *2 (S.D.N.Y. Aug. 27, 1999).  "Although the [d]efendant argues that counsel used the transcript to prepare for cross examination, summation and the jury charge, '[u]se of the transcripts during trial . . . does not mean they were "necessarily obtained."'" *Bucalo*, 238 F.R.D. at 129 (quoting *John and Kathryn G.,* 891 F. Supp. at 123); *see also Galella v. Onassis,* 487 F.2d 986, 999 (2d Cir. 1973).

Here, the trial took place over only four days, and the NYCTA was represented by two attorneys.  *See* Docs. 88–94.  Eleven witnesses testified, including Watkins.  *See* Doc. 113 at 4–5.  "On balance, courts have occasionally concluded that circumstances

5

warranted the awarding of costs for a daily trial transcript, particularly upon consideration of factors including the amount of representation, the length of the trial, and the complexity of the issues in the case." *Nat. Organics, Inc. v. Nutraceutical Corp.*, No. 01 Civ. 0384 (GBD) (RLE), 2009 WL 2424188, at *3 (S.D.N.Y. Aug. 6, 2009) (citing *Galella,* 487 F.2d at 999). However, in cases similar to this one, involving "trials that are not particularly long or complex," courts in this Circuit have routinely found daily trial transcripts not to be a necessary expense justifying taxation of costs, particularly where counsel may instead take notes during trial to prepare for cross-examination and closing arguments. *Bucalo*, 238 F.R.D. at 129 (collecting cases); *Nat. Organics*, 2009 WL 2424188, at *3–4 (collecting cases).

The NYCTA does not argue that the trial was particularly complex, only that counsel used the transcripts to prepare for cross-examination and summations. *See* Doc. 124 at 3–4. However, "[t]he mere convenience to counsel is insufficient to justify the taxation of costs." *John and Kathryn G.,* 891 F. Supp. at 123 (internal quotation marks and citations omitted). Moreover, as Watkins points out, all the cases that the NYCTA has cited in support are distinguishable as they all took place over multiple weeks and involved more complex proceedings. Doc. 126 at 1–2 (citing *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 235 (E.D.N.Y. 2012) (four-week trial with sixteen witnesses, three of whom testified in Italian through an interpreter); *Perks v. Town of Huntington,* No. 99 Civ. 4811 (JS), 2008 WL 8091034, at *2–3 (E.D.N.Y. Mar. 31, 2008), *aff'd,* 331 F. App'x 769 (2d Cir. 2009) (four-week trial where defendants had established "extraordinary circumstances); *Cohen*, 1999 WL 672903, at *2 (three-week trial)). Indeed, even for a trial that involved "numerous witnesses," and "trade dress claims [that] were undoubt[edly] complex," a court in this district has denied taxation of costs for daily transcripts where a party was represented by multiple attorneys at trial and the trial was relatively short. *Nat. Organics*, 2009 WL 2424188, at *4 (denying taxation of costs for expedited transcripts but finding that defendant's request for non-expedited

trial transcripts was appropriate); *see also AIG Glob. Sec. Lending Corp. v. Banc of Am. Sec. LLC*, No. 01 Civ. 11448 (JGK), 2011 WL 102715, at *2 (S.D.N.Y. Jan. 6, 2011) (denying plaintiffs' request for realtime transcripts because "they have failed to establish that realtime transcripts, the most expensive transcription option available, were necessary, as opposed to merely convenient or helpful, to the prosecution of their case.")

Taxation of costs for daily trial transcripts is therefore not warranted. Furthermore, in consideration of equitable factors including Watkins' presumptive financial resources, the Court grants Watkins' appeal as to daily trial transcripts. As Watkins agrees that transcripts at the regular rate were warranted, *see* Doc. 122 at 3, the taxable cost of the transcripts is hereby reduced from $3,323.16 to $1,781.04.

**B. Witness and Subpoena Fees**

Pursuant to 28 U.S.C. § 1920(3), fees and disbursements for witnesses may be taxed as costs. Section 1821 details the allowable per diem and mileage costs for witnesses. *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 298 (2006). Local Civil Rule 54.1(c)(3) provides that witness fees and travel expenses authorized by § 1821 are taxable if the witness testifies. Courts have also held that fees for serving subpoenas are "basic and proper taxable cost[s], supported by the Local Rules and the precedents" because "subpoenas are an integral part of the litigation process." *Palm Bay Int'l*, 285 F.R.D. at 239 (explaining that § 1920 refers to fees of the marshal for serving process and for serving subpoenas or summons for witnesses); *see also United States, et al. v. Merritt Meridian Constr. Co.,* 95 F.3d 153, 172 (2d Cir. 1996); *Jeanty v. Cerminaro*, No. 616 Civ. 966 (BKS) (TWD), 2021 WL 3856739, at *4 (N.D.N.Y. Aug. 30, 2021)

Watkins argues that the NYCTA has not shown that the $225 in costs related to service of the subpoena on David was "necessarily incurred," because he did not testify at trial and because she had previously signed a HIPAA authorization releasing her medical

7

records from his office to the NYCTA. Doc. 122 at 3. The NYCTA responds that, although Watkins signed the HIPAA authorization, David "would have been under no obligation to produce [her medical records] in the absence of a subpoena. Thus, the Transit Authority necessarily incurred the subpoena" fee. Doc. 124 at 5. Watkins replies that this argument is conclusory, and the NYCTA does not indicate what documents were necessary to obtain by subpoena rather than by HIPAA authorization. Doc. 126 at 3. The Court agrees.

There is no indication that David refused to produce Watkins' records in the absence of a subpoena; in fact, the NYCTA's argument in the conditional tends to show that this was not an issue. Furthermore, a review of the indices of examination for the trial transcripts, *see* Docs. 88, 90, 92, 94, reveals that Watkins' therapy records from David were not introduced into evidence at trial. [4] "As none of these documents were used as exhibits at trial, and [the prevailing party] has provided no explanation for why these subpoenas were necessary, the service of these subpoenas is not taxable." *Bauta v. Greyhound Lines, Inc.*, No. 14 Civ. 3725 (RER), 2019 WL 8060181, at *3 (E.D.N.Y. June 17, 2019). The Court grants Watkins' appeal of the $225 fee for the subpoena on David.

As for Wadley, Watkins argues that the NYCTA has not established that subpoenaing him was necessary because he was in fact on her witness list and she called him as a witness at trial. Doc. 122 at 3. The NYCTA responds that, regardless of the fact that Wadley was on Plaintiff's witness list, it "paid him a witness fee . . . to ensure his attendance," and "appropriately subpoenaed him in order to secure his attendance should Plaintiff have changed her mind and chosen not to call him as a witness, and to obtain

---

[4] In the parties' joint pre-trial order, dated November 16, 2018, Watkins reserved the right to offer medical records from David and Wadley as exhibits at trial. Doc. 69-11 at 13. At least some of the documents—for example, the intake assessment—from David's office, All Access Mental Health, were used by the NYCTA at trial to refresh Watkins' recollection as to certain statements she made on the assessment. *See* Doc. 90 at 70–100 (Dec. 18, 2018 Trial Tr.). However, upon review of the trial transcripts, they were not introduced into evidence.

relevant documents." Doc. 124 at 4–5.  The Court agrees with Watkins that Wadley's witness fee and subpoena to appear at trial were unnecessary costs because the NYCTA "failed to show that [Wadley] would not appear in the absence of a subpoena." *Karmel*, 2008 WL 216929, at *5.  The NYCTA's arguments to the contrary are speculative.

Because Wadley was not deposed, the NYCTA claims that it had to subpoena him to produce testimony and records at trial.  Doc. 124 at 5.  Certain of Watkins' therapy records maintained by Wadley were introduced into evidence at trial, albeit by Watkins, and the NYCTA used them in cross-examination.  *See* Doc. 88 at 31–32, 49–52 (December 17, 2018 Trial Tr.).  On cross-examination, Wadley testified that he "forwarded [the NYCTA] the documents that [he] had after [he] received the subpoena." *Id.* at 51.  While the Court does not agree that the subpoena was necessary for him to appear at trial and give testimony, the record supports a finding that the subpoena to produce documents was "reasonably necessary," *Seymore,* 1981 WL 90, at *1, particularly since Watkins does not argue that these records were or could have been produced in discovery, *see Colon v. Fashion Inst. of Tech. (State Univ. of New York)*, No. 12 Civ. 7405 (HB), 2014 WL 1979875, at *3 (S.D.N.Y. May 15, 2014) (denying costs related to retrieval of medical records were Plaintiff produced these records during discovery); *Bauta*, 2019 WL 8060181, at *3 (reducing costs for service of a subpoena for medical records where the losing party claimed, and the prevailing party did not contest, that the records could have been obtained in discovery).

Accordingly, the Court finds the $309.95 for serving Wadley with the trial subpoena to be taxable, but not the witness fee.

## IV. CONCLUSION

For the reasons stated above, Watkins' appeal of the Clerk's taxation of costs is granted as to the daily trial transcripts, subpoena fee for David, and witness fee for

Wadley, and denied as to the subpoena fee for Wadley.  The Clerk of Court is respectfully requested to amend the bill of costs as follows:

- Fees for service of summons and subpoena reduced from $794.85 to $569.85;
- Fees for transcripts reduced from $3,323.16 to $1,781.04;
- Fees for witnesses reduced from $150.86 to $78.00

for a total of $2,428.89.

The Clerk of Court is further respectfully directed to terminate the motion, Doc. 121.

SO ORDERED.

Dated:   February 18, 2022
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.